

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

December 10, 1962

Honorable O. P. Carillo
County Attorney
Duval County
San Diego, Texas

Dear Mr. Carillo:

Opinion No. WW-1490

Re: Whether Article 2900a,
Vernon's Civil Statutes,
violates the provisions
of the Texas or United
States Constitutions.

You have requested an opinion from this office upon the question of:

"Does Article 2900a of the Revised
Civil Statutes of Texas violate the pro-
visions of the Constitution of the State
of Texas, or the Constitution of the United
States of America?"

Article 2900a, Vernon's Civil Statutes, provides as follows:

"Section 1. That no board of trustees
nor any other school authority shall have
the right to abolish the dual public school
system nor to abolish arrangements for trans-
fer out of the district for students of any
minority race, unless by a prior vote of the
qualified electors residing in such district
the dual school system therein is abolished.

"Sec. 2. An election for such purpose
shall be called only upon a petition signed
by at least twenty per cent (20%) of the
qualified electors residing in such district.
Such petition shall be presented to such of-
fice or board now authorized to call school
elections. Such an election may be set for
the same date as the school trustee election
in that district, if such petition is filed
within ninety (90) days to such date, other-
wise the official or board shall call such
an election within sixty (60) days after fil-
ing of such petition. The election shall be
conducted in a manner similar to that for the

election of school trustees. No subsequent
election on such issues shall be called with-
in two (2) years of a prior election held
hereunder.

"Sec. 3. School districts which main-
tained integrated schools for the 1956-1957
school year shall be permitted to continue
doing so hereafter unless such system is
abolished in accordance with the provisions
of this Act. No student shall be denied
transfer from one school to another because
of race or color.

"Sec. 4. Any school district wherein
the board of trustees shall violate any of
the above provisions shall be ineligible for
accreditation and ineligible to receive any
Foundation Program Funds during the period
of time of such violation. Any person who
violates any provision hereof shall be guilty
of a misdemeanor and shall be fined not less
than One Hundred Dollars ($100) nor more than
One Thousand Dollars ($1,000)."

Since the decision of the United States Supreme Court
in Brown v. Board of Education, 347 U.S. 483 (1954), which
held that in the field of public education the doctrine of
"separate but equal" was no longer applicable, there have
been numerous cases before the Federal courts concerning the
implementation of the desegregation required of the public
schools by the Supreme Court in its decision in Brown v.
Board of Education, supra. One of such cases is Boson v.
Rippy, 285 Fed.2d 43 (1960), in which the United States Court
of Appeals for the Fifth Circuit had before it an appeal in
an action seeking to end enforced racial segregation in the
public schools of the Dallas Independent School District. In
conformity with certain orders of the District Court the
school authorities had submitted to the Court certain plans
for effectuating a transition to a racially non-discriminatory
school system. One of these plans, in the words of the Court
in Boson v. Rippy, supra, provided for:

" . . . the separating and grouping of
the schools into white, Negro and mixed
schools, and for canvassing parents and pu-
pils in order to learn 'who does and who does
not want integration, and thereby give all
concerned what they prefer, as far as is

practical and possible.'"

The District Court, in Boson v. Rippy, supra, expressed the opinion that the holding of an election under Article 2900a should not be made a condition of a plan of desegregation, and eliminated from the plans for desegregation submitted by the school authorities those provisions which made an election and a favorable result a part of the plan of desegregation. In its opinion in Boson v. Rippy, supra, the United States Court of Appeals held that:

"We agree with the district court that the holding of an election under Article 2900a of the Revised Civil Statutes of Texas should not be made a condition of a plan of desegregation. It goes without saying that recognition and enforcement of constitutional rights cannot be made contingent upon the result of any election." (Emphasis added).

In view of the above quoted language in the case of Boson v. Rippy, supra, we are of the opinion that Article 2900a is unconstitutional.

## SUMMARY

Article 2900a, Vernon's Civil Statutes, requiring an election prior to the abolishment of a dual public school system within a school district, is unconstitutional. Brown v. Board of Education, 347 U.S. 483 (1954); Boson v. Rippy, 285 Fed.2d 43 (1960).

Yours very truly,

WILL WILSON
Attorney General of Texas

Pat Bailey
Assistant

John Reeves
Assistant

PB&JR:wb:ms

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Howard Mays
W. O. Shultz
Ben Harrison

REVIEWED FOR THE ATTORNEY GENERAL
By:  Leonard Passmore